IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAURA KENT, an
individual,

        Plaintiff,

v.                                        Civil Action No. _____

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON, a corporation,

        Defendant.

## COMPLAINT

### Introductory Allegations

1.      Plaintiff, Laura Kent, is a resident citizen of Blount County, Alabama.

2.      Plaintiff is informed and believes and based on such information and belief alleges that Defendant, Lincoln Life Assurance Company of Boston ("Lincoln Life"), is a foreign corporation which at all relevant times has done or transacted business in the Northern District of Alabama.

3.      On or about August 6, 2016, Plaintiff was forced to stop working as a result of chronic migraine headaches.  At that time Plaintiff, was and had been employed as an Administrative Coordinator for Royal Cup, Inc. ("Royal Cup") for approximately 14 years.  As a result of her migraine headaches, Plaintiff is no longer able to perform the Administrative Coordinator or to do any other work for which she is qualified by reason of her education, training or experience.

4.      During said time period, Royal Cup had in force and effect a welfare benefit plan

which provided long term disability benefits to its employees through a group policy of insurance with Lincoln Life.  Lincoln Life was the claims administrator for said Plan.  Ms. Kent made a claim under the Plan in accordance with the terms of that Plan, and her benefits were approved.  However, on or about June 8, 2020, her benefits under said Plan were subsequently terminated. Because Plaintiff's claims herein involve a claim for welfare benefits provided by her employer, her claims are governed by the Employee Retirement Income Security Act ("ERISA").

## COUNT I

### For Denial of Disability Benefits

5. Plaintiff adopts and incorporates by this reference paragraphs 1 through 4, inclusive, of this Complaint.

6. On or about August 6, 2016, Plaintiff became disabled within the meaning of the terms of said Plan, thereby qualifying her for the payment of benefits under that Plan.  Plaintiff has remained disabled under the terms of said Plan since that time.

7. Plaintiff complied with all terms of said Plan as a condition precedent to bringing this suit, including exhausting all of her administrative remedies.

8. Defendant's denial of Plaintiff's benefits under said Plan was wrong, constituted a breach of Defendant's obligations under the agreement, was a violation of the ERISA, and/or was arbitrary and/or capricious.  As a direct and proximate consequence of Defendant's wrongful conduct, Plaintiff suffered injuries and damages, including, but not limited to the following:

   (a)   loss of monetary benefits as set forth within the Plan.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages and/or equitable relief in an amount to be determined by the Court, plus pre-judgment and post-

judgment interest, costs of this suit, and a reasonable attorney's fee.

<u>*John M. Pennington*</u>
John M. Pennington, Attorney
Counsel for Plaintiff
1023 Edenton Street
Birmingham, Alabama 35242
(205) 314-5735
Ala. Bar No. ASB-6905-N52J

<u>Serve Defendants Certified Mail</u>
<u>Return Receipt Requested at</u>:

Lincoln Life Assurance Company of Boston
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104